SUMMONS ISSUED

CV 13 3545

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 24 2013 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**KENNETH GROSSO**,

                Plaintiff,

      -against-

**LONG ISLAND RAIL ROAD COMPANY**

                Defendant.
-----------------------------------------------------------------X

<u>**COMPLAINT**</u>

<u>PLAINTIFF
DEMANDS TRIAL
BY JURY</u>

SEYBERT, J

BROWN, M. J.

Plaintiff complaining of the defendant by his attorney, MICHAEL D. FLYNN, Esq., respectfully alleges as follows:

## The Parties

1. At all times hereinafter mentioned, plaintiff KENNETH GROSSO was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR conductor in the "LIRR" Transportation Department.

2. At all times hereinafter mentioned, plaintiff KENNETH GROSSO was a LIRR employee in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, LIRR, was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## Jurisdiction

4. That at all times hereinafter mentioned, plaintiff, as a LIRR Conductor, and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chaps. 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331.

## Liability

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled a westbound "LIRR" TRAIN, hereinafter the "TRAIN".

8. Upon information and belief, at all times hereinafter mentioned, the "TRAIN" was made up of "LIRR" M3 units, hereinafter "the consist".

9. Upon information and belief, at all times hereinafter mentioned, each "LIRR" M3 unit comprising "the consist" of the "TRAIN" was a MU, Multiple Unit, locomotive.

10. Upon information and belief, at all times hereinafter mentioned, while on board the "TRAIN", plaintiff was performing his LIRR work duties in one of the "LIRR" M3 units, hereinafter "M3", of the "TRAIN".

11. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed, and controlled the" M3", its parts and appurtenances.

12. Upon information and belief, at all times hereinafter mentioned, the "M3", was in use on defendant's line as a locomotive.

13. Upon information and belief, that at all times hereinafter mentioned, the "M3" was designed to carry passengers and had one or more propelling motors.

14. That on December 21, 2011, while plaintiff attempted to operate the cab door of the "M3", the cab door, its parts, and appurtenances, were unsafe, and malfunctioned, causing him to sustain injuries hereinafter set forth.

15. That the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing the "M3" cab door and its parts and appurtenances, to be, become, and remain improperly maintained, unsafe, perilous and hazardous, unsafe for expected use, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

16. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

17. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety Appliances, 49 USCA 20302 et seq., commonly known as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

18. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives, 49 USCA 20701, et. seq., the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

## Injuries and Damages

19. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to his left elbow limbs and body, among other things, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, surgical, hospital and health care treatment

and has incurred and will incur expenses for medical, surgical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost and will lose time from employment, employment earnings, and employment perquisites; all to his damage in a sum not exceeding $2,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in a sum not exceeding $2,000,000.00, together with the costs and disbursements of this action.

Dated: June 24, 2013
New York, New York

MICHAEL D. FLYNN
Attorney for Plaintiff

BY _____
VALERIE J. LAURIELLO (VL6192)
Attorney at Law
Office & P.O. Address
5 Penn Plaza – 23rd Floor
New York, New York 10001
Tel. 212-896-3812
Fax 866-855-3813
VJLauriello@MDFlynnLaw.com

Case 2:13-cv-03545-AYS   Document 1   Filed 06/24/13   Page 6 of 6 PageID #: 6